**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRIAN BURCKHARTTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| GENERAL MOTORS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AT LAW
(COUNT I - CONSTRUCTION NEGLIGENCE)**

NOW COMES the Plaintiff, BRIAN BURCKHARTTE, by and through his attorneys, MORICI, FIGLIOLI & ASSOCIATES, and complaining of the Defendant, General Motors Corporation, alleges as follows:

1. On or about August 21, 2017, the Defendant owned, controlled, and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting in a certain building at the General Motors Plant, 12200 Lafayette Center Road, in the City of Roanoke, County of Huntington, and State of Indiana.

2. That at the aforementioned time and place, the Plaintiff was employed by Commercial Contracting Corporation, and was on said premises in the furtherance of the aforesaid work.

3. That at the aforesaid time and place and prior thereto, the Defendant, individually and through its agents, servants and employees, was present during the course of such erection, construction, repairs, altercation, removal and/or painting. The Defendant participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition thereto, at that time and place, the Defendant had the authority to stop the

work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

4. That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site including the provision of a safe, suitable and proper temporary safeguards for the safety of the Plaintiff and others then and there working, and to provide those employed on the site with a safe place to work.

5. That at the aforesaid time and place, the duties and responsibilities of the Plaintiff required that he be present on the project when he was struck by the outrigger of a crane while in furtherance of the aforementioned erection, construction, repairs, alterations, removal, and/or painting.

6. Notwithstanding its duties, at said time and place, the Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    b. Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    c. Failed to provide the Plaintiff with a safe place to work;

    d. Failed to properly plan, schedule and coordinate the work;

    e. Allowed the placement of a crane in an unsafe manner such that it struck the Plaintiff;

    f. Failed to allot sufficient room in which Plaintiff and his co-workers could safely work;

g.     Permitted the use of a crane in an unsafe manner such that it struck Plaintiff; and,

h.     Failed to provide adequate protection and/or cordon off the area creating a dangerous working area.

7.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be struck, thereby causing severe external and internal injuries, which led to a below the knee amputation of his left leg, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, BRIAN BURCKHARTTE, prays that judgment be entered against the Defendant, GENERAL MOTORS CORPORATION, for an amount in excess of the $75,000.00 jurisdictional limits established by this court, plus the costs of this suit.

## COUNT II
### (Premises Liability)

NOW COMES the Plaintiff, BRIAN BURCKHARTTE, by and through his attorneys, MORICI, FIGLIOLI & ASSOCIATES, and complaining of the Defendant, GENERAL MOTORS CORPORATION, alleges as follows:

1.     On or about August 21, 2017, the Defendant owned, controlled, and/or was in charge of the erection, construction, repairs, altercation, removal, and/or painting of a certain building or other structure at 12200 Lafayette Center Road, in the City of Roanoke, County of Huntington, and State of Indiana.

2. That at the time and place aforesaid, Plaintiff was a business invitee and was lawfully on the premises of the Defendant's place of business for the purpose of performing construction work.

3. That at said time and date, Defendant failed to provide and/or ensure that a safe zone was created and/or provided around a crane in use during the construction work.

4. That for some time prior to and at said time, the Defendant, through its agents and/or employees, had actual notice, or in the alternative, had constructive notice of said condition, and were aware an inadequate safe zone was provided and/or being utilized and was likely to lead to accidents and/or injuries.

5. That at the time and place aforesaid, Plaintiff was standing on the ground level of the building when he was struck and injured by a crane outrigger.

6. That at said time, the Defendant had the duty to maintain its premises, including the areas where work was occurring and the area where the Plaintiff was required to work, in a reasonably safe condition.

7. That at the time and place aforesaid, and notwithstanding said duty, the Defendant was negligent in one or more of the following respects:

    a. Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    b. Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    c. Failed to provide the Plaintiff with a safe place to work;

    d. Failed to properly plan, schedule and coordinate the work;

    e. Allowed the placement of a crane in an unsafe manner such that it struck the Plaintiff;

  f. Failed to allot sufficient room in which Plaintiff and his co-workers could safely work;

  g. Permitted the ongoing use of a crane in an unsafe manner such that it struck Plaintiff; and,

  h. Failed to provide adequate protection and/or cordon off the area creating a dangerous working area.

8. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be struck, thereby causing severe external and internal injuries, which led to a below the knee amputation of his left leg, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

  WHEREFORE, Plaintiff, BRIAN BURCKHARTTE, prays that judgment be entered against the Defendant, GENERAL MOTORS CORPORATION, for an amount in excess of the $75,000.00 jurisdictional limits established by this court, plus the costs of this suit.

## JURY DEMAND

Plaintiff BRIAN BURCKHARTTE demands trial by jury of all issues involved in this case.

Respectfully Submitted,

/s/ Mitchell B. Friedman
Attorney for Plaintiff

Mitchell B. Friedman
Morici, Figlioli & Associates
150 N. Michigan Avenue, Suite 1100
Chicago, Illinois 60601
(312) 372-9600
Attorney ID: 6269773
friedman@mfa-law.com